IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARILYN MCCOY NORWOOD                                                    PLAINTIFF

V.                    CASE NO.    4:09CV00514 JMM

ARKANSAS STATE HOSPITAL                                                  DEFENDANT

### ORDER

Plaintiff has filed an Application to proceed *in forma pauperis* and Complaint.   After reviewing Plaintiff's *pro se* Complaint, the Court finds that the Complaint should be, and hereby is, dismissed *sua sponte*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*.  *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982).  First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a).  If she does, the complaint is permitted to be filed. *Id*.  Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  If so, the complaint is to be dismissed. *Id.*[1]

---

[1] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious."  691 F.2d at 857. The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]." *Id.  See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous

Because it appears that plaintiff's economic situation qualifies her for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed.

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

Plaintiff's Complaint states in part as follows:

My legal name is Marilyn McCoy Norwood and I am a legal resident of Little Rock, Arkansas. . . . On August 25, 2004, I was admitted to the Arkansas State Hospital . . . by a completely erroneous court order from Pulaski County Circuit Court. . . . The entire treatment that I received was dehumanizing and humiliating since at the time of admission to ASH I was as sane as I am now. . . .

Plaintiff has filed suit against Arkansas State Hospital. Because Plaintiff and Defendant are residents of and do business in Arkansas, the Court does not have diversity jurisdiction over the cause of action. Further, Plaintiff does not articulate a federal cause of action. The Arkansas State Hospital is not a person for purposes of § 1983, *see Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir.1999), *petition for cert. granted in part*, 120 S.Ct. 1003, *and dismissed*, 120

---

on its face and, if so, it should be dismissed).

S.Ct. 1265 (2000). Therefore, the Court does not have federal question jurisdiction under 28 U.S.C. § 1331. Finally, if Plaintiff is challenging the Pulaski County Circuit Court order committing her to the Arkansas State Hospital, Plaintiff's complaint is barred under the *Rooker-Feldman* doctrine.[2]

Accordingly, Plaintiff's case must be dismissed because it fails to state a claim on which relief may be granted. The Clerk is directed to close the case.

IT IS SO ORDERED this 28th day of July, 2009.

_____
James M. Moody
United States District Judge

---

[2] To the extent that Plaintiff's complaint raises issues that were the subject of the litigation in state court, this Court lacks jurisdiction to review the claims. Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).